UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES T. SULLIVAN, *et al.*, | )<br>) |
| Plaintiffs, | )<br>)<br>) Case No. 11-cv-6261 |
| v. | )<br>)<br>) Judge John W. Darrah |
| GURTNER PLUMBING, INC., | )<br>) |
| Defendant. | )<br>)<br>) |
| GURTNER & CHAVEZ<br>SERVICES, INC., | )<br>)<br>) |
| Third-Party<br>Respondent. | )<br>) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Third-Party Respondent Gurtner & Chavez Services, Inc.'s Motion to Quash Plaintiff's Subpoena. Based on the analysis below, Respondent's Motion to Quash is denied.

## BACKGROUND

Plaintiff filed the underlying action against Defendant Gurtner Plumbing, Inc. on September 8, 2011, seeking judgment against Defendant for an accounting, monthly reporting, and payment of unpaid contributions and other damages under Defendant's collective bargaining agreement with Chicago Journeymen Plumbers' Union Local 130, U.A., pursuant to the Employee Retirement Income Security Act ("ERISA") and the Labor-Management Relations Act ("LMRA"). The Court entered an order of default against Defendant on October 19, 2011, ordering Defendant to submit to auditors "all

books, records, and other information that such auditors may request for the purpose of an audit verifying Defendant's compliance with its contribution and other obligations under its collective bargaining agreement." (Default Order at 1.)

On December 15, 2011, Plaintiff issued a subpoena to Gurtner & Chavez, Inc., serving it upon Respondent's owner, Timothy Gurtner. This subpoena requests production, in part, of income tax returns, general ledgers, wage reports, payroll records, and personnel documents. (Mot. to Quash Subpoena, Ex. A.) Respondent argues this subpoena should be quashed because it seeks irrelevant information. Respondent further claims the records sought in the subpoena go beyond the scope of the default order, because Plaintiff Gurtner Plumbing, Inc. is the only signatory to the collective-bargaining agreement at issue. Notably, Respondent's owner, Timothy Gurtner, is the husband of Daneen Gurtner, the owner of Defendant Gurtner Plumbing, Inc. Respondent purports to be a completely separate and distinct entity from Defendant. (Mot. to Quash Subpoena, ¶ 7.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 45(c)(3) governs the quashing of subpoenas. A court is required to quash a subpoena where: (1) it fails to allow a reasonable time for compliance, (2) requires a non-party to travel more than 100 miles (with some exceptions), (3) requires disclosure of privileged or protected information, or (4) subjects a person to undue burden. Fed. R. Civ. P 45(c)(3)(A). Furthermore, a district court may limit any discovery that is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; [or] the

party seeking discovery has had ample opportunity to obtain the information . . . or . . . the burden or expense of the proposed discovery outweighs its likely benefit . . . ." Fed. R. Civ. P. 26(b)(2)(C). If the information sought would not "assist[] in the exploration of a material issue" in the case, then a subpoena should be quashed. *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 993 (7th Cir. 2002); *Israel Travel Advisory Serv., Inc. v. Israel Identity Tours, Inc.*, 61 F.3d 1250, 1254 (7th Cir. 1995). As with other discovery issues, whether to grant a motion to quash is within the sound discretion of the district court. *United States v. Ashman*, 979 F.2d 469, 495 (7th Cir. 1992).

## ANALYSIS

Plaintiff argues the information sought in the subpoena is relevant to its inquiry regarding Defendant's contribution obligations under the collective-bargaining agreement. While auditing Defendant, Plaintiff discovered the existence of Respondent and seeks to determine if Respondent is engaged in any of the plumbing work covered by the collective-bargaining agreement. According to the Defendant's 2011 Annual Report filed with the State of Illinois, Timothy Gurtner, Respondent's owner, is also named as the secretary of Defendant.[1] Plaintiff asserts it has "good cause to believe that Gurtner & Chavez is bound to the [collective bargaining agreement] as a related entity." (Pl. Response Br. at 2.) The collective-bargaining agreement provides it is binding on any other business entity "within the trade and territorial jurisdiction of the Union which is

---

[1] In Defendant's Reply Brief, it argues that Timothy Gurtner, as secretary of Defendant, is not a "principal" of Defendant. Rather, Defendant relies, in part, on an Illinois Supreme Court opinion from 1911, describing a secretary as a "mere servant." (Respondent's Reply Br. at 4.) However, an officer of a corporation may be a secretary under Illinois law. *See* 805 ILCS 10/10.

3

owned, managed, controlled, and/or operated by the Employer or its principals or any of them." (*Id.* at 2 (quoting Collective Bargaining Agreement, § 14.1).) Unfortunately, neither Respondent nor Plaintiff provide the definition of a "principal" from the collective-bargaining agreement in their briefs. However, Mr. Gurtner's role as Defendant's secretary could certainly be within the scope of an officer or management of the company. *See Kleban v. S.Y.S. Restaurant Management, Inc.*, 994 F. Supp. 932, 937 (N.D. Ill. 1998) (providing, "In implementing the Securities Exchange Act of 1934, the Code of Federal Regulations defines an officer as "a president, vice president, secretary, treasury or principal financial officer, comptroller or principal accounting officer, and any person routinely performing corresponding functions with respect to any organization whether incorporated or unincorporated."). Mr. Gurtner's role in both Defendant and Respondent companies makes it likely that Respondent is bound to the terms of the collective bargaining agreement, provided it is engaged in plumbing work. Therefore, an audit of the Respondent is necessary.

By enforcing Plaintiff's subpoena, and requiring the records of Respondent to be audited, Plaintiff will be permitted to explore a potentially material issue. Plaintiff may discover if Respondent, too, owes contribution obligations under the collective-bargaining agreement.

## CONCLUSION

For the reasons discussed above, Respondent Gurtner & Chavez, Inc.'s Motion to Quash is denied. Gurtner & Chavez, Inc. must answer the subpoena within seven days.

Date: 3-13-12

JOHN W. DARRAH
United States District Court Judge